COMMONWEALTH *vs.* THOMAS FARRELL.

An escape by a convicted criminal from the custody of the officer who is conducting him, by virtue of a *mittimus*, to the place of confinement, is punishable as an offence at com-mon law in this commonwealth.

INDICTMENT charging the defendant with an escape from the custody of a police officer.

At the trial in the superior court, before *Russell*, J., it ap-peared that the defendant had been duly convicted before a trial justice of being a common seller of intoxicating liquors, that sentence had been passed upon him, and that he was placed in the custody of the officer, on a *mittimus*, to be conveyed to the house of correction, and while on the way thither escaped. No exceptions were taken during the trial, and, after a verdict of guilty had been rendered, the defendant moved in arrest of judgment on the ground that the escape committed by him was no offence in this commonwealth ; and the judge, deeming the question of law important and doubtful, reported the case for the determination of this court.

*P. Simmons*, for the defendant.

*Foster*, A. G., for the Commonwealth.

DEWEY, J. An escape, such as is charged in this indictment, was clearly an offence at common law. Any person who refuses to undergo that punishment which the law imposes upon him, and frees himself therefrom by an escape from lawful custody, though he does not use force or violence, is guilty of a violation of law, and makes himself amenable to punishment for an of-fence against public justice. 2 Hawk. *c.* 17, § 5, and *c.* 18, § 1, Deacon's Crim. Law, 382. 1 Gabbett's Crim. Law, 297. 4 Bl. Com. 129.

The only question of doubt is, whether an escape from im-prisonment under a criminal charge can be punished as an offence at common law in this commonwealth. The objection arises from our legislation on the subject. By Gen. Sts. *c.* 178, § 46, the escape of any one " lawfully imprisoned in any place of con-finement established by law, other than the state prison," is recognized as a criminal offence, and the crime is made punish-able by imprisonment in the state prison, or the jail or house of correction, or by fine not exceeding $1000. By *c.* 179, §§ 53, 54, punishment is also provided in cases where persons convict un-der sentence escape from the prisons where they are confined.

Neither of these statutes embraces the offence here charged. They apply exclusively to escapes from confinement in prisons, and " places established by law."

Has the common law as to an escape by one under imprisonment by an officer, under a criminal warrant, been superseded by the statutes above cited? It is obvious that the whole subject of escapes from imprisonment has not been met and provided for in the statute. It seems to us that this matter is very much like the case of forgery, where a similar question arose. A clear case of forgery at the common law was found not to be embraced within the cases enumerated in our statute. But the court held that the common law offence was not superseded by the statute, and that the enumeration of certain cases of forgery, and providing a punishment therefor, did not so operate as to exclude cases not enumerated in the statute. It was said by the court in that case, as it may properly be said here, that " the object of the statute was to prescribe a punishment different from that provided by the common law, leaving all cases not enumerated in the statute to the action of the common law." *Commonwealth* v. *Ayer*, 3 Cush. 150. As an offence at common law, no prison breach, for whatever crime the person was imprisoned, or under whatever circumstances the offence was committed, could be punished by a sentence to hard labor in the state prison. The legislature thought proper to prescribe for a certain class of escapes and prison breaches the punishment of confinement in the state prison, in addition to the provision for confinement in the jail and house of correction. This being the purpose and effect of the statute, the offence, in cases not enumerated in the statute, is punishable as an offence at common law.

*Motion in arrest of judgment overruled.*